IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KANDICE GREEN,                          :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 :   CIVIL ACTION NO.
                                        :   1:20-CV-3496-LMM-JSA
GENERAL REVENUE COPRORATION,  :
                                        :
          Defendant.                    :

## **O R D E R**

The above-captioned action is before the Court on the "Plaintiff's Attorney of Record's Motion to Withdraw" [20] ("Motion to Withdraw") filed by attorney Daniel M. Brennan, who requests permission from the Court to withdraw as Plaintiff's counsel of record. Mr. Brennan seeks to withdraw from this case because Plaintiff has expressed to him that she no longer wishes to be represented by him or his law firm. Mot. [20] at 3.

Pursuant to Local Rule 83.1E, an attorney wishing to withdraw as counsel of record in a civil case must give the client fourteen days' prior notice before filing a motion to withdraw and must attach a copy of that notice to the motion to withdraw. *See* LR 83.1E(2), NDGa. In lieu of filing a motion to withdraw, an attorney may instead choose to file a Certificate of Consent that has been signed by the client, the withdrawing attorney, and the substituting attorney, if one has been chosen. *See id*.

In this case, Mr. Brennan states that he provided the required notice to Plaintiff on January 21, 2021, and he attached a copy of that notice to his Motion to Withdraw. *See* Ex. 1 [20-1].

As of this date, the deadline to file a response to the Motion to Withdraw [20] has expired, and no party has filed a response or objection to the Motion, indicating that the motion is unopposed. *See* LR 7.1(B), NDGa. Accordingly, the Motion to Withdraw [20] is **GRANTED** as unopposed. The Clerk is **DIRECTED** to update the docket to reflect that Daniel M. Brennan has **WITHDRAWN** as counsel of record for Plaintiff in this action.

Pursuant to Local Rule 83.1E(4), when an attorney withdraws or is removed from a case, the party who was represented by that attorney must notify the Clerk within twenty-one (21) days of the appointment of another attorney or of that party's decision to appear *pro se*, without benefit of counsel. The party must also provide the Clerk with the current telephone number and address of the newly appointed attorney or of the party, if proceeding *pro se*. LR 83.1E(4), NDGa.

In the Motion to Withdraw [20], Mr. Brennan states that Plaintiff's last known mailing address is as follows: 178 Moury Avenue SW # 3912, Atlanta, Georgia 30315. *See* Ex. 1 [20-1]. Accordingly, the Clerk is **DIRECTED** to update the docket to include Plaintiff's last known mailing address. Mr. Brennan has not provided Plaintiff's last known telephone number or email address.

2

Pursuant to Local Rule 83.1E(4), Plaintiff is **ORDERED** to provide notice to the Clerk, within **twenty-one (21) days** of the date of this Order, of the appointment of another attorney to represent her or of her intention to proceed *pro se*, without benefit of counsel. *See* LR 83.1E(4), NDGa. Plaintiff must also notify the Clerk of the current address and telephone number of the new attorney, if one has been chosen, or of her own mailing address, telephone number, and email address, if she intends to proceed *pro se*. *See id*. If Plaintiff fails to notify the Clerk within twenty-one (21) days of the date of this Order of the appointment of a new attorney, Plaintiff will be presumed to be proceeding *pro se*, without benefit of counsel, and if Plaintiff fails to notify the Clerk of her mailing address, Plaintiff's mailing address listed above will be presumed to be correct. Plaintiff is further advised that, if she continues to proceed *pro se*, she is required to keep the Clerk updated with her current mailing address and a current telephone number or email, and if she fails to do so, it may result in dismissal of this action. *See* LR 83.1E(4), NDGa; *see also* LR 16.5, 41.2(B), 83.1D(3), NDGa.

Finally, a review of the docket indicates that the Joint Preliminary Report and Discovery Plan ("JPR") has not been timely filed. Pursuant to Local Rule 16.2, the JPR must be filed within thirty days after the first appearance of a defendant by answer or motion or within thirty days after a removed case is filed in this Court. LR 16.2, NDGa, App. B. In this case, Defendant filed an Answer [19] on February 19,

2021. As of this date, more than thirty days have passed since the Answer was filed, but no party has filed any portion of the JPR, nor has any party filed a motion requesting an extension of time to do so. Because the Court has granted Plaintiff 21 days to provide notice to the Clerk of her appointment of a new attorney or of her intention to proceed *pro se*, the Court extends this deadline to allow Plaintiff to comply with this Order. Accordingly, the parties are **ORDERED** to file a JPR within **thirty (30) days** of the date of this Order. If Plaintiff chooses to proceed *pro se*, the parties are permitted to file separate statements. *See* LR 16.2, NDGa.

The Clerk is **DIRECTED** to serve a copy of this Order on Mr. Brennan and on Plaintiff at her last known mailing address indicated above.

**IT IS SO ORDERED** this 29th day of March, 2021.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE