IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KANDICE GREEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:20-CV-3496-LMM-JSA |
| GENERAL REVENUE COPRORATION, | : | |
| | : | |
| Defendant. | : | |

## **SCHEDULING ORDER**

The above-captioned action is before the Court on its Order [23] dated March 29, 2021, which granted the Motion to Withdraw [20] filed by Plaintiff's former counsel. *See* Order [23]. In the Order, Plaintiff was ordered to provide notice to the Clerk within twenty-one days of the date of the Order of the appointment of another attorney to represent her or of her intention to proceed *pro se*, without benefit of counsel, and she was advised that, if she failed to do so, she would be presumed to be proceeding *pro se*. *Id*. The parties were also ordered to file the Joint Preliminary Report and Discovery Plan within thirty days, but if Plaintiff chose to proceed *pro se*, the parties were permitted to file separate statements. *Id*. at 4; *see* LR 16.2, NDGa.

As of this date, the parties have failed to comply with the Order [23] and no party has filed its portion of the Joint Preliminary Report and Discovery Plan.

Accordingly, the Court presumes that Plaintiff has chosen to proceed *pro se*, without benefit of counsel. Furthermore, the Court **ORDERS** that the time limits for adding parties, amending pleadings, filing motions, completing discovery, filing a proposed pretrial order, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court except as herein modified.

This case has been assigned to a four-month discovery track and, pursuant to the Local Rules of this Court, the discovery period, including discovery from third parties, ends on **July 21, 2021**. *See* LR 26.2A, NDGa (the discovery period begins thirty days after the first defendant files an answer). The parties are advised that, **if a discovery dispute arises between the parties that is unable to be resolved through a live (in-person or at least telephonic) conference between counsel, counsel and *pro se* litigants are required to contact the chambers of the undersigned by telephone jointly, with their adversary on the line, before filing a motion.** If successive attempts to contact the adversary are unsuccessful, if the adversary refuses to contact the Court jointly, or if there is some other good cause for why a joint call could not be accomplished, the initiating party may send a letter, not to exceed two (2) pages, describing the discovery issue for which relief is sought and the reason why no joint call was made. This letter must be copied on all adversaries. Motions to compel, motions for protective order, motions for sanctions

or any other motion arising out of a discovery dispute should ordinarily not be filed without a prior conference with the Court.

The Court encourages all parties to work with each other to allow for depositions to occur at least partially by video conference during the pendency of the COVID-19 pandemic and to otherwise agree to reasonable procedures to maximize social distancing and to protect all participants against unnecessary risk. As with all other disputes, the Court will entertain requests for orders relating to deposition procedure, but requires and expects the parties to work together in good faith to try to avoid the necessity of bringing those disputes to the Court.

Pursuant to Local Rule 16.4, the parties must file a proposed pretrial order no later than thirty (30) days after the close of discovery, or entry of the court's ruling on any motions for summary judgment, whichever is later. *See* LR 16.4, NDGa. The Court extends the deadline for filing a proposed consolidated pretrial order until **forty (40) days** after the close of the discovery period, or, in the event that any party files a motion for summary judgment, until **thirty (30) days** after the district court's final ruling on all pending motions for summary judgment, whichever is later. Normally, motions for summary judgment are resolved based on the submissions. However, the Court will liberally grant any request for oral argument made within seven days of the filing of either party's principal brief so long as a certification is

made that a lawyer with no more than five years' experience since being admitted to a bar will handle the oral argument on behalf of one of the parties.

**IT IS SO ORDERED** this 29th day of April, 2021.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE